FILED

NOT FOR PUBLICATION

APR 24 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



JUVENTINO RODARTE,

        Plaintiff-Appellant,

  v.

ALAMEDA COUNTY, a public entity; et al.,

        Defendants-Appellees.

No. 15-17126

D.C. No. 4:14-cv-00468-KAW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Submitted April 18, 2017[**]
San Francisco, California

Before: D.W. NELSON and IKUTA, Circuit Judges, and BURGESS,[***] Chief District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Timothy M. Burgess, United States Chief District Judge for the District of Alaska, sitting by designation.

Juventino Rodarte ("Rodarte") appeals the district court's order granting summary judgment in favor of Appellees in his 42 U.S.C. § 1983 action alleging excessive force.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recount them here.

The district court properly granted summary judgment in favor of Appellees because Rodarte failed to raise a genuine dispute of material fact as to whether the Deputy Sheriffs' use of a police canine to effectuate Rodarte's arrest was objectively reasonable under the circumstances.  *See Long v. City & Cty. of Honolulu*, 511 F.3d 901, 905 (9th Cir. 2007).

The district court also properly granted summary judgment on the Deputy Sheriffs' qualified immunity defense because their conduct did not violate Rodarte's clearly established right to be free from the use of excessive force during an arrest.  *See Green v. City & County of San Francisco*, 751 F.3d 1039, 1051–52 (9th Cir. 2014) ("[A]n officer will be denied qualified immunity in a § 1983 action only if (1) the facts alleged, taken in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right, and (2) the right at issue was clearly established at the time of the incident such that a reasonable officer would have understood her conduct to be unlawful in that situation.") (citation and internal quotation marks omitted).

**AFFIRMED.**